**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: February 16 2012

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-34686 |
| | ) | |
| Leslie T. Vander Horst and Darla J. Vander Horst, | ) ) | Chapter 7 |
| | ) | Adv. Pro. No. 11-3227 |
| Debtor(s). | ) ) | Hon. Mary Ann Whipple |
| Leslie T. Vander Horst and Darla J. Vander Horst, | ) ) ) | |
| Plaintiff(s), | ) ) | |
| v. | ) ) | |
| Goal Financial and Intervenor Educational Credit Management Corporation, | ) ) ) | |
| Defendant(s). | ) | |

### ORDER

This case came before the court on February 14, 2012, for a hearing on Intervenor Educational Credit Management Corporation's Motion to Set Aside Clerk's Entry of Default [DKT. 6] ("Motion"). [Doc. #19]. An Attorney for Intervenor Educational Credit Management Corporation

("ECMC") and Attorney for Plaintiffs appeared in person at the hearing. There was no appearance on behalf of Defendant Goal Financial LLC.

Plaintiffs filed their complaint seeking to discharge substantial student loan debts as an undue hardship on October 28, 2011. The only defendant named and served was Goal Financial LLC. Although service of the summons and complaint was perfected, Goal Financial did not answer or otherwise respond to the complaint. The clerk entered the default of Defendant Goal Financial LLC on December 7, 2011. Plaintiffs filed their motion for default judgment on December 8, 2011. The court held a full evidentiary hearing on the motion for default judgment on January 17, 2012. But before entry of final judgment, ECMC sought to intervene, on the grounds that it became the holder of the loans in issue after the complaint was filed, and moved to set aside the Clerk's entry of default against Defendant Goal Financial LLC. The court finds that ECMC has standing as an intervenor to move to set aside the clerk's entry of default against Defendant Goal Financial, LLC because a default judgment against Defendant Goal Financial may impair ECMC's own interests with respect to the loans in issue and Defendant Goal Financial is not adequately defending its own interests herein.

A clerk's entry of default under Rule 55 of the Federal Rules of Civil Procedure, which applies in this adversary proceeding under Rule 7055 of the Federal Rules of Bankruptcy Procedure, is different than a final judgment by default. The clerk's entry of default is one of the procedural steps that must precede entry of a final judgment by default. The standard for setting aside a default judgment, in light of the strong policy favoring finality of judgments and termination of litigation,

2

is tougher than the standard for setting aside a clerk's entry of default before it has ripened into judgment, in light of the policy of deciding matters on their merits. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir 2010).

Under Rule 55(c), the court may set aside an entry of default upon a showing of "good cause." Fed. R. Civ. P. 55(c). The criteria applied by the Sixth Circuit for determining whether "good cause" exists to set aside a clerk's entry of default are whether (1) the default was willful, (2) there is a meritorious defense, and (3) plaintiffs will be prejudiced by setting aside the default. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983). The trial court is afforded "considerable latitude" in exercising its discretion to grant a defendant relief from an entry of default. *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc*., 340 F.3d 345, 353 (6th Cir. 2003)(quoting *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999)).

With respect to the first factor, the Sixth Circuit, somewhat differently than other circuits, emphasizes that for a defendant's conduct leading to the entry of default to be deemed willful, justifying refusal to set it aside, it must result from culpable conduct. "[M]ere negligence or failure to act reasonably is not enough to sustain a default." *United States v. $22,050.00 U.S. Currency*, 595 F.3d at 327. Instead, culpable conduct means that a defendant must display either intent to thwart judicial proceedings or reckless disregard for the effect of its conduct on judicial proceedings. *Thompson v. Am Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996).

The surprising delay in getting the attention of a party-any party- in a proceeding involving

3

over $150,000 in student loan obligations has not been fully explained, and likely cannot be, beyond the routine tangle of procedures and parties involved in the public student loan finance arena. Nevertheless the court cannot find from the described handling of the complaint and summons as part of the process of finding the party with the obligation to defend it an intentional or reckless disregard for either Plaintiffs or these court proceedings. Think more Yakety Sax than Lux Aeterna (Mansell or Ligeti).

With respect to the second factor whether there is a meritorious defense, Intervenor ECMC indicates that Goal Financial does not have and has not had since 2005 any interest in the loans at issue, and is quite simply the wrong party, notwithstanding the unexplained filing of a proof of claim for the loan debts in the underlying Chapter 7 case on behalf of and naming Defendant Goal Financial as the creditor. Whether the correct party has been sued is an issue about which the court has in fact continually expressed concern to Plaintiffs throughout these proceedings. The court likely would not have proceeded to hear evidence on the complaint in the absence of the proof of claim form naming Goal Financial as the creditor. The court has sympathy for litigants in Plaintiffs' position trying to identify the correct party to sue in student loan cases, a problem further complicated here because the loan servicer remained the same through assignment of the loans. Nevertheless, a default judgment against the wrong party would amount to an improper advisory ruling that the court cannot properly enter and that would not effectively accomplish the relief Plaintiffs seek in any event. That jurisprudential problem, together with the high, fact dependent standard that must be met to discharge student loans as an undue hardship under 1 1 U.S.C. § 523(a)(8), presents a meritorious defense.

With respect to the third factor of prejudice to Plaintiffs, more than delay and having to

4

defend on the merits are required to support refusing to set aside an entry of default. The type of prejudice that counsels against setting aside an entry of default must be more than an ordinary litigant would experience. Here, the court does find that Plaintiffs have been prejudiced more than ordinary litigants due to the advanced state of the record before ECMC turned up. The record presents the prospect of Plaintiffs having to repeat evidentiary proceedings. The court held on January 17, 2012, a full blown evidentiary hearing on the complaint under Rule 55(b). [*See* Doc. ## 13, 14]. Both Plaintiffs testified in an emotional and undoubtedly personally difficult public recounting of their health problems and limited financial circumstances. That goes with the territory in seeking to discharge student loans. The problem is that they now face having to do this again. *Cf. Whelan v. Abell*, 48 F.3d 1247, 1259-60 (D.C. Cir. 1995). The court was preparing to issue an opinion looking very much like a full blown trial opinion when the Motion was filed. Setting aside the entry of default makes the January 17 proceedings a waste of time and emotion, and a tangibly costly one in terms of the expenditure of Plaintiffs' attorney's fees and costs.

Plaintiffs' personal difficulty of likely having to testify again cannot effectively be undone. But the tangible costs incurred can be addressed. Courts have the inherent power to impose reasonable conditions on setting aside an entry of default in order to limit undue prejudice to the opposing party. *Powerserve Int'l, Inc. v. Lavi*, 239 F. 3d 508 (2d Cir. 2001); *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546-47 (9th Cir. 1988). These conditions can include payments of costs and attorney's fees unnecessarily incurred by the opposing party as a result of the entry of default being set aside. *Nilsson, Robbins*, 854 F.2d at 1546-47 (trial court order that defendant pay attorney's fees as condition of setting aside default affirmed); *Corso v. First Frontier Holdings, Inc.*, 205 F.R.D. 420, 421 (S.D.N.Y. 2001)(defendants ordered to

reimburse plaintiff for attorney's fees expended on motion for default judgment); *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 398, 418-19 (D. Pa. 1981)(same); *E. & J. Gallo Winery v. Cantine Rallo, S.P.A,*, 430 F. Supp. 1064, 1094 (E.D. Cal. 2005)(same).

Even where some prejudice exists, as here, the court is not required to deny relief from the entry of default. Prejudice is one of three factors to be balanced. It has been found that a trial court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated favorably by the defendant. *See Shepard Claims Servs., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193-94 (6th Cir. 1986). The court finds based on the foregoing analysis that Intervenor ECMC has overall shown "good cause" for setting aside the entry of default against its predecessor Defendant Goal Financial LLC, provided, however, that set aside must be conditioned upon reimbursement of Plaintiffs' costs and attorney's fees to ameliorate the prejudice resulting to Plaintiffs from the defense delay in this case. Intervenor ECMC acknowledged at the hearing that such a condition would be appropriate under the circumstances.

For the reasons stated above and by the court on the record at the hearing, the Motion will be conditionally granted as set forth below. Plaintiffs' pending motion for default judgment will be held in abeyance pending Intervenor ECMC seeking leave to substitute for Defendant Goal Financial LLC, *compare* Fed. R. Civ. P. Rule 24 (Intervention)(applicable under Fed. R. Bankr. P. 7024) *with* Fed. R. Civ. P. Rule 25(c) (Substitution)(applicable under Fed. R. Bankr. P. 7025) , and its timely filing of an answer or other response to the complaint. Further proceedings on the merits have been set by separate order of the court.

For good cause appearing,

**IT IS ORDERED** that Intervenor Educational Credit Management Corporation's Motion to Set Aside Clerk's Entry of Default [Doc. # 19] is **GRANTED**, provided, however, Plaintiffs' parking costs for attending the court hearing on January 17, 2012, and the attorney's fees and costs incurred in filing the motion for default judgment, preparing for and attending the hearing on the motion for default judgment on January 17, 2012, and preparing for and attending the hearing on the Motion shall be reimbursed within 45 days of the date of submission of substantiating information to counsel for ECMC. If there is a dispute in complying with this condition, either party may request a further hearing to have the court decide the dispute by filing a written request for hearing.

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default against Defendant Goal Financial [Doc. ## 6, 11] is hereby set aside and of no further effect.

**IT IS FINALLY ORDERED** that Intervenor Educational Credit Management Corporation shall immediately take steps to be substituted for Defendant Goal Financial and file its answer or other response to the complaint, pending which Plaintiffs' motion for default judgment will be held in abeyance by the court.